Eminent domain; temporary flowage easement; burden of proof. — Plaintiffs seek just compensation for the asserted taking of temporary flowage easements on plaintiffs’ land by defendant during the period 1966 through 1972. Plaintiffs claim that action undertaken by the U.S. Army Corps of Engineers during construction of a flood control *641 project caused intermittent flooding of plaintiffs’ farmland. As part of the Hillside Floodway Project defendant relocated an elevated railroad embankment to a position 100 feet south of the then existing railroad line. The original embankment included a trestle to allow for the southerly flow of water from an adjacent river. Defendant did not include a similar opening in the relocated embankment. Plaintiffs point to this alleged omission as effectively "plugging” the southerly flow of the river, redirecting it to the north, and consequently flooding plaintiffs’ land during periods of high water. Defendant asserts that silting and other natural causes had redirected the flow of the water in a northerly direction prior to relocation of the embankment, rendering construction of an opening unnecessary. On December 15, 1976 Trial Judge Philip R. Miller filed a recommended opinion dismissing plaintiffs’ petitions for having failed to carry their burden of proof by a preponderance of the evidence. The trial judge concluded on the basis of the entire evidence that plaintiffs had failed to establish a sufficient causal nexus between the alleged omission by the defendant in not including an opening in the relocated railroad embankment and the intermittent flooding of plaintiffs’ property. Plaintiffs were unable to show, in light of documented silting and other natural action, that the land would not have been flooded had the defendant not constructed the embankment in the manner it did. On May 11, 1978 the court, by order, adopted the recommended decision as the basis for its judgment in this case and dismissed plaintiffs’ petition.
On September 29, 1978 the court denied plaintiffs’ •motion for rehearing.